**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **MARIA STAR CRENSHAW,** ) | **CASE NO. 1:15 CV 109** |
| ) | |
| Plaintiff, ) | **Judge Dan Aaron Polster** |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OF OPINION** |
| **EXPERIAN INFORMATION** ) | **AND ORDER** |
| **SOLUTIONS, INC.,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Maria Star Crenshaw filed this action against Experian Information Solutions, Inc, ("Experian"), Deutsche Bank National Trust ("Deutsche Bank"), Ocwen Mortgage Servicing ("Ocwen"), and Homeward Residential, Inc. ("Homeward"). In the Complaint (Doc. # 1), Plaintiff asserts Deutsche Bank did not implement proper procedures to ensure accurate account information was passed to Ocwen and Homeward when they purchased her loan. She alleges Ocwen and Homeward reported incorrect information to Experian and all of the Defendants failed to remove the incorrect information when the error was brought to their attention. She asserts violations of the Fair Credit Reporting Act, 15 U.S.C. § 1581, and the Fair Credit Billing Act, 15 U.S.C. § 1666. She seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. # 2). That Application is granted.

## I. BACKGROUND

Deutsche Bank filed a foreclosure action against Plaintiff in the Cuyahoga County Court of Common Pleas on January 24, 2007.  The case was referred to mediation and settled.  Plaintiff alleges that pursuant to the settlement agreement, Deutsche Bank agreed to release the mortgage free and clear to her.  The case was dismissed without prejudice on June 17, 2009.

Plaintiff contends that during the foreclosure litigation, Deutsche Bank sold a bundle of mortgages, including her mortgage, to Citi-Residential Mortgaging.  It is unclear whether Deutsche Bank knew her mortgage was part of that bundle as Plaintiff and Deutsche Bank were the only parties in the Cuyahoga County Court of Common Pleas foreclosure action.  She contends American Home Mortgage originally held the mortgage with Deutsche Bank as the trustee.  She also claims Deutsche Bank released the loan and the lien to her as part of the settlement, but also sold the loan in the bundle to Citi-Residential Mortgage.  She does not indicate which action occurred first.  She indicates Citi-Residential sold the mortgage to Homeward.  Homeward was acquired by Ocwen in 2012 as a wholly owned subsidiary.

Plaintiff alleges she discovered the foreclosure action and delinquent mortgage had been added to her credit report when she attempted to obtain another mortgage on the property and was denied credit in October 2009.  There was also some information on her credit report from Real Time Solutions, a debt collector, which she contends was not accurate.  She denied owing the debt or doing business with the company.  She wrote to Experian and informed them that the information on her report was inaccurate.  She contends she also wrote to Citi-Residential, Real Time Solutions and Homeward.  She indicates Citi-Residential and Real Time Solutions voluntarily withdrew the information from her report; however, Experian and Homeward did

-2-

not.  Plaintiff claims Experian finally responded to her letter in September 2013.  She does not indicate their response, but states that they did not evaluate or consider any of her evidence and did not attempt to reasonably verify the information.  She contends Homeward did not respond to her dispute letter.  She indicates Ocwen responded by stating it was unable to location any information regarding her loan with the information contained in the Experian report.

Plaintiff asserts four claims for relief.  First, she claims Deutsche Bank violated the Fair Credit Billing Act, 15 U.S.C. § 1666, by failing to establish procedures to ensure accurate information is provided to the purchasers of the loan.  Second, she claims Experian violated the Fair Credit Reporting Act, 15 U.S.C. § 1681i(a) by failing to delete incorrect information when it was brought to their attention.  Third, she asserts that Homeward and Ocwen had a duty to verify the accuracy of the debt before they reported it to the credit reporting agencies and violated the Fair Credit Billing Act by refusing to investigate or respond to her dispute letter within sixty days of receipt.  She indicates the Defendants' actions were willful entitling her to punitive damages under 15 U.S.C. § 1681n.  In the alternative, she contends their actions were negligent, entitling her to damages under 15 U.S.C. § 1681o.

## II.  STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law

when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.  Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*.  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*.  This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. ANALYSIS

Plaintiff first alleges Deutsche Bank violated the Fair Credit Billing Act, 15 U.S.C. § 1666, by failing to establish procedures to ensure accurate information is provided to the purchasers of the loan. She also asserts that Ocwen and Homeward violated the Fair Credit Billing Act by failing to provide a sufficient response to her dispute of the accuracy of the information in her credit report. The Fair Credit Billing Act, however, applies "only to open-end credit transactions, and, chiefly, to credit card accounts."[1] *Jacobs v. Wells Fargo & Co.*, No. 3:10–cv–183, 2011 WL 5120408, at *2-3 (S.D. Ohio Oct. 27, 2011). It does not apply to closed-end credit transactions, like mortgages. *Id.*; *see Stroman v. Bank of America Corp*. 852 F. Supp.2d 1366, 1374 (N.D. Ga. 2012)("The FCBA's protections do not extend to closed-end credit, such as the mortgage loan at issue in this case."); *Roybal v. Equifax,* 405 F.Supp.2d 1177, 1180 (E.D. Cal. 2005)("By its very terms, the FCBA's billing error section applies solely to creditors of open end credit plans."). Plaintiff has not stated a claim for relief under this statute.

Although not stated explicitly in the Complaint, Plaintiff's allegations suggest she may be attempting to assert claims against Deutsche Bank, Homeward, and Ocwen under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681. This statute provides a cause of action against both the furnisher of the inaccurate information and the credit reporting agency under

---

[1] "For the purpose of the requirements imposed under chapter 4 [15 USCS §§ 1666 et seq.] ... the term 'creditor' shall also include card issuers ..., and the Board shall, by regulation, apply these requirements to such card issuers, to the extent appropriate, *even though the requirements are by their terms applicable only to creditors offering open-end credit plans.*" 15 U.S.C. § 1602 (emphasis added).

-5-

certain circumstances.  The FCRA exists "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 52 (2007).  To that end, § 1681s–2 is designed to prevent "furnishers of information" from spreading inaccurate consumer-credit information.

This statutory provision works in two stages. Initially, furnishers have a duty to provide the credit reporting agency with accurate information about their consumers. 15 U.S.C. § 1681s–2(a).  Thereafter, a furnisher may be asked by a credit reporting agency to respond to a dispute about the consumer information provided.  If at some point, a credit reporting agency discovers that either the completeness or accuracy of a consumer's information is in dispute, the credit reporting agency must first determine that the dispute is not frivolous or irrelevant.  If the dispute is not frivolous, the credit reporting agency must then notify the original furnisher of the information and provide it with "all relevant information regarding the dispute."  15 U.S.C. § 1681i(a)(1)–(3).

Receipt of notice of a dispute from a credit reporting agency triggers the furnisher's obligation to perform several duties.   First, the furnisher must conduct an investigation with respect to the disputed information, and review all relevant information provided by the credit reporting agency.  At the conclusion of the investigation, the furnisher must report the results of the investigation to the credit reporting agency.  If the investigation reveals that the information is incomplete or inaccurate, the furnisher must report those results to all other credit reporting agencies to which the  information was furnished, and promptly modify, delete or clock that item of information on the credit report.  15 U.S.C. §1681s–2(b)(1).  Section 1681s–2(b)(2) establishes deadlines for completing the investigations, reviews, and reports.

The FCRA provides for multiple avenues of enforcement in the event the furnisher or the credit reporting agency does not comply with the statutory requirements to investigate and correct inaccurate information. The Bureau of Consumer Financial Protection and the Federal Trade Commission may bring administrative action against a furnisher, various federal agencies have enforcement authority, and states may seek to enjoin violators or to recover damages on behalf of consumers. 15 U.S.C. § 1681s(a)–(c).

In addition, the FCRA creates a private right of action for consumers with respect to certain, but not all, provisions of the statute. While § 1681s–2(c) expressly precludes consumers from enforcing the requirement that furnishers, under § 1681s–2(a), initially provide complete and accurate consumer information to a credit reporting agency, consumers may step in to enforce their rights to have the information corrected but only after a furnisher has received proper notice of a dispute from a credit reporting agency. Because credit reporting agencies need not forward frivolous disputes to furnishers, see § 1681i(a)(3), the statute provides a framework for consumers to bring a private cause of action against negligent or willful misconduct by a furnisher, while simultaneously protecting furnishers from responding to frivolous consumer disputes. *See Boggio v. USAA Federal Sav. Bank*, 696 F.3d 611, 614-23 (6th Cir. 2012).

In this case, Plaintiff alleges Deutsche Bank, Homeward and Ocwen provided inaccurate information to Experian and failed to correct the information when she informed them of the error. As an initial matter, Plaintiff has no private right of action against Deutsche Bank, Homeward and Ocwen for initially providing inaccurate information to Experian. 15 U.S.C. § 1681s–2(c). She also fails to state a claim against Deutsche Bank, Homeward and Ocwen for

-7-

failing to correct inaccurate information after she sent them letters informing them of the errors. A furnisher of information to a credit reporting agency has no duty under §1681s–2(b)(1) to conduct an investigation into disputed information and to report results to consumer reporting agencies unless the credit reporting agency first provides them with notice of a non-frivolous dispute. *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615–16 (6th Cir. 2012). Plaintiff's act of directly contacting Homeward or Ocwen did not activate Deutsche Bank's, Homeward's or Ocwen's obligation to investigate Plaintiff's dispute. *See Id.*; *Brown v. Wal-Mart Stores, Inc.*, No. 11–6049, 2012 WL 6051957, at *3 (6th Cir. Dec. 6, 2012); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002). The claims Plaintiff may been attempting to assert against these Defendants for providing inaccurate information and for failing to conduct a reasonable investigation or correct the information after she notified them of the dispute, are dismissed.

With respect to Plaintiff's claims against Experian, the FCRA requires that a credit reporting agency follow reasonable procedures to assure maximum possible accuracy of the information contained in a consumer report and to make a reasonable effort to reinvestigate any information contained in a credit report after it receives notification from the consumer that the information is inaccurate. 15 U.S.C. §§ 1681e(b) and 1681i(a)(1)(A). A consumer may bring a civil action against the credit reporting agency if it fails to comply with these requirements.

Plaintiff's first FCRA claim against Experian is brought under 15 U.S.C. § 1681e(b), which requires consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy" when preparing a consumer report. Although a showing of inaccuracy is an essential element of a claim under § 1681e(b), the FCRA does not impose strict

liability for incorrect information appearing on an agency's credit reports. *See Spence v. TRW. Inc*., 92 F.3d 380, 382-83 (6th Cir. 1996). Liability flows only from a failure to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the information relates. *Bryant v. TRW. Inc*., 689 F.2d 72, 78 (6th Cir. 1982). The exercise of reasonable care is determined by reference to what a reasonably prudent person would do under the circumstances. *Id*

In this case, Plaintiff alleges that Experian had a pattern of reporting erroneous information under different company names containing the same account information and balance information without verifying or determining its accuracy. In addition to listing the foreclosure action which Plaintiff alleged was settled and dismissed, Plaintiff contends Experian included inaccurate statements for other accounts. She indicates Experian failed to maintain reasonable procedures to filter or verify information. At the pleading stage, Plaintiff need only allege sufficient facts to suggest she has a plausible claim against the Defendant. Her allegations Experian are sufficient to avoid summary dismissal for failure to state a claim under 28 U.S.C. § 1915(e).

Plaintiff also asserts that Experian violated 15 U.S.C. § 1681i by failing to respond to her request for an investigation within 30 days. Under the FCRA, once a dispute is filed by a consumer, the credit reporting agency must conduct a "reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item ... before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer." 15 U.S.C. § 1681i(a) (1)(A). Then, within 5 business days after completion of the reinvestigation, the credit reporting agency must provide

written notice to the consumer of the results of the reinvestigation. 15 U.S.C. § 1681i(a)(6)(A).

Plaintiff alleges that Experian failed to conduct a reasonable investigation when she disputed the information concerning the foreclosure. She alleges that when she brought the inaccuracies to Experian's attention, Experian responded to her request in a way that suggested they had not investigated the dispute. While Plaintiff does not elaborate on these allegations, they are sufficient to state a plausible claim for relief at the pleading stage.

## IV. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is **GRANTED.** Her claims against Deutsche Bank, Ocwen and Homeward are **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2] This case shall proceed solely on Plaintiff's claims against Experian under 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon the defendants**.**

**IT IS SO ORDERED**.

                                                         */s/Dan Aaron Polster 6/17/15*
                                                         **Dan Aaron Polster**
                                                         **United States District Judge**

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.